IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BOBACK SABEERIN,
MICHELLE ROYBAL, J.R., S.S.,

      Plaintiffs,

vs.                                          No. 1:16-cv-00497 JCH/LF

ALBUQUERQUE POLICE DEPARTMENT DETECTIVE
TIM FASSLER, in his individual capacity,
ALBUQUERQUE POLICE DEPARTMENT DETECTIVE,
JOHN DEER, in his individual capacity,
CITY OF ALBUQUERQUE, STATE OF NEW MEXICO,
SECRETARY GREGG MARCANTEL, in his official and
individual capacity, NEW MEXICO CORRECTIONS DEPARTMENT,

      Defendants.

## ORDER GRANTING STATE DEFENDANTS' MOTION TO STAY DISCOVERY

THIS MATTER comes before the Court on defendants Gregg Marcantel and New Mexico Corrections Department's ("NMCD defendants") Opposed Motion to Stay Proceedings (Doc. 30), which was joined by the City of Albuquerque (Doc. 34), and fully briefed on November 28, 2016. Doc. 36. Having read the parties' submissions and being fully advised in the premises, the Court finds that the motion is well taken and will grant the motion.

On August 19, 2016, the NMCD defendants filed a motion to dismiss plaintiff's claims against them based in part on qualified immunity. Doc. 17. It is well settled that a qualified immunity defense "protects the official both from liability as well as from the ordinary burdens of litigation, including far-ranging discovery." *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). The Supreme Court has repeatedly emphasized the importance of resolving the issue of qualified immunity early on in the litigation. *Scott v. Harris*, 550 U.S. 372, 376 n.2 (2007) (citing *Hunter v. Bryant*, 502 U.S.

224, 227 (1991) (per curiam)). The defense of qualified immunity does not create immunity from all discovery, but only from "broad-reaching discovery," and it recognized that "limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998) (quotation omitted). Unlike a motion for summary judgment, however, a motion to dismiss tests the legal sufficiency of a complaint and requires no additional discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 674–75 (2009).

Whether an official is entitled to qualified immunity turns on whether his conduct violated clearly established statutory or constitutional rights of which a reasonable official would have been aware. *Harlow*, 457 U.S. at 818; *see also Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014) (reaffirming that officials acting in discretionary capacities are generally entitled to qualified immunity unless their conduct violates clearly established law). Therefore, qualified immunity depends on the objective reasonableness of the official's conduct. *Harlow*, 457 U.S. at 818. Standard practice in this district is to stay discovery—as to all defendants—when the defense of qualified immunity has been raised. *See Workman*, 958 F.2d at 336; *see also Herrera v. Santa Fe Pub. Schs.*, No. CIV 11-0422 JB/KBM, 2012 WL 6846393, at *10 (D.N.M. Dec. 20, 2012) (unpublished).

In their response, plaintiffs argue against a stay because they have been attempting to obtain Mr. Sabeerin's medical records while he was in prison. Doc. 32 at 2. Plaintiffs do not cite any authority that their inability to obtain medical records defeats a stay of discovery. Further, defendants have agreed to produce medical records with a proper release. Doc. 35 at 2. Plaintiffs also argue that defendant Marcantel, even if dismissed, would be required to participate in the discovery process. Doc. 32 at 2. Again, plaintiffs do not submit any authority that

suggests that although Marcantel might be required to participate in discovery sometime in the future, the stay should not issue during the pendency of the NMCD defendants' motion to dismiss.

Plaintiffs further argue that discovery should be allowed pursuant to their request under Rule 56(d) in response to NMCD defendants' motion to dismiss. *Id*. This argument is unavailing.  A Rule 12(b)(6) motion tests the sufficiency of the allegations contained within the four corners of the complaint.  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  No discovery is necessary under this standard.  When addressing a motion to dismiss, discovery may become necessary when matters outside of the pleadings are presented to and not excluded by the Court.  *See* FED. R. CIV. P. 12(d).  If matters outside of the pleadings are considered by the Court, "the motion must be treated as one for summary judgment under Rule 56," in which case, all parties are given the opportunity to present material pertinent to the motion.  *Id.*  Although a motion to dismiss under Rule 12(b)(6) may be converted into a motion for summary judgment under Rule 56, Rule 56 does not automatically allow for discovery.  Instead, discovery will be available only where the nonmoving party shows that it "cannot present facts essential to justify its opposition."  FED. R. CIV. P. 56(d).

At this point, a request for limited discovery is premature.  Although plaintiffs have submitted matters outside of the pleadings in response to NMCD defendants' motion to dismiss, Doc. 20 at 22–47, it is unknown whether the presiding judge will consider the additional material or convert the motion to dismiss to a motion for summary judgment.  Additionally, plaintiffs have not submitted an affidavit pursuant to Rule 56(d) specifying the reasons why they need discovery.  *See Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1206 (10th Cir. 2015) ("The party seeking to enlarge the discovery period under this rule must present an affidavit that

identifies the probable facts not available and what steps have been taken to obtain these facts. The party must also explain how additional time will enable her to rebut the movant's allegations of no genuine issue of material fact.") (internal quotations and alterations omitted).  The presiding judge will determine whether to convert the motion to dismiss into a motion for summary judgment, at which point plaintiffs may request additional discovery pursuant to Rule 56(d).

Plaintiffs also suggest that if certain claims were not clear to defendants, they could have moved for a more definite statement or conducted their own discovery to clarify plaintiffs' claims.  Doc. 32 at 4.  While this is true, NMCD defendants instead chose to move to dismiss plaintiffs' complaint, as is their prerogative.  Whether plaintiffs are allowed to amend their complaint to clarify their claims is not before the Court.

Plaintiffs argue that some written discovery would not be very burdensome.  Doc. 32 at 5.  However, as discussed above, a qualified immunity defense protects officials from the ordinary burdens of litigation, including discovery.  *Workman* 958 F.2d at 335.

Finally, plaintiffs submit they do not object to a stay except to allow them to request records from NMCD.  To the extent the NMCD defendants' have agreed to produce certain documents, this request is moot.  Any other request for limited discovery at this point is denied.

Plaintiffs have not conclusively shown that the NMCD defendants' motion to dismiss is unfounded in law, and have not demonstrated that they would be prejudiced by a stay pending resolution of the 12(b)(6) motion, which assumes the truth of plaintiffs' recitation of the facts and tests the sufficiency of their pleadings.

IT IS THEREFORE ORDERED that defendants Gregg Marcantel and the New Mexico Corrections Department's Opposed Motion to Stay Proceedings (Doc. 30) is GRANTED.

Discovery in this case shall be stayed, as to all defendants, pending resolution of defendants Gregg Marcantel and the New Mexico Corrections Departments' Motion to Dismiss (Doc. 17), or until further order of the Court.

_____
Laura Fashing
United States Magistrate Judge

5