**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**


BOBACK SABEERIN, MICHELLE
ROYBAL, J.R. and S.S.


      Plaintiffs,

v.                                            No. 1:16-cv-00497 JCH-LF


ALBUQUERQUE POLICE DEPARTMENT
DETECTIVE TIMOTHY FASSLER, in his individual capacity,
ALBUQUERQUE POLICE DEPARTMENT
DETECTIVE JOHN DEAR, in his individual capacity,
CITY OF ALBUQUERQUE,
STATE OF NEW MEXICO,
SECRETARY GREGG MARCANTEL, in his official and
individual capacity,
NEW MEXICO CORRECTIONS DEPARTMENT,


      Defendants.


**MEMORANDUM OPINION AND ORDER**

      This matter is before the Court on Plaintiffs' Motion to Amend Complaint (Third Amended

Complaint) and Correct Caption (Pls.' Mot., ECF No. 134). Defendants City of Albuquerque and

Albuquerque Police Department Detectives Timothy Fassler and John Dear (Defendants)

responded in opposition (Defs.' Resp., ECF No. 138.).[1] [2] Plaintiffs filed no reply brief and the time

---

[1] Plaintiffs have misspelled Detective Dear's surname as "Deer" in pleadings and the case
caption. The Court will use the correct spelling of the detective's name.
[2] Defendants the State of New Mexico, Secretary Gregg Marcantel, and the New Mexico
Corrections Department (the State Defendants) have been dismissed as parties. *See* Mem. Op.
and Order, ECF No. 83.

to do so has passed. *See* D.N.M.LR-Civ. 7.4(a). The Court, having carefully considered the motion, response, relevant law, and being otherwise fully advised, concludes that the motion will be **DENIED**.

## I.     BACKGROUND

Familiarity with the facts of this case is presumed. The Court has already detailed the relevant facts in two previous Memorandum Opinion and Orders, *see* ECF Nos. 38, 83, and one Order concerning pretrial matters, *see* ECF No. 56. Briefly stated, in 2014 the New Mexico Court of Appeals reversed Plaintiff Boback Sabeerin convictions for auto theft and similar charges because the search warrant affidavit used to obtain a property search of Boback's business was invalid for lack of probable cause.[3] *See State v. Sabeerin*, 2014-NMCA-110, 336 P.3d 990. The affiant officer who authored the affidavit was Detective Timothy Fassler. Detective Fassler allegedly told Boback, who is of Iranian descent, "[f]oreigners like you don't belong in this country," and other inappropriate statements. ECF No. 69 ¶ 21 at 5.

Plaintiffs have filed a total of three iterations of their complaint. In two of the Court's previous Orders (ECF Nos. 38 and 56), the Court granted Plaintiffs leave to file amended complaints to substantiate their allegations concerning their injuries. In addition, ECF No. 56 granted Plaintiffs leave to conduct limited discovery to establish and name the identity of certain defendants.  On May 25, 2020 – four-years after the original complaint was filed – Plaintiffs moved to amend their complaint for a third time. They wish to correct several non-substantive clerical or "housekeeping" matters. For instance, they want the new complaint and docket to accurately spell

---

[3] Because some of the Plaintiffs share a common surname, the Court will refer to the individual Plaintiffs by their first names.

Detective Dear's name, to omit facts and references to dismissed parties, and they wish to reorganize their complaint to make it more coherent.

In addition, they also seek to add substantive material to their complaint. First, their motion says that they want to add a cause of action and supporting factual allegations for conspiracy under 42 U.S.C. § 1985. Second, they ask permission to add Mr. Shayan Sabeerin as a party. Shayan is Boback's son. Plaintiffs tell the Court that "S.S.," one of the named Plaintiffs in the case, "is in fact two children of … Boback." Pls.' Mot. at 2. "S.S." was a "placeholder" for both Soheila and Shayan Sabeerin, Boback's daughter and son, respectively. Because "both children … were minors … and … ha[d] the same initials," the "S.S." designation represented both siblings, they say. *Id.* at 3. Plaintiffs attached to their motion a declaration from Boback. He explained that when he met with his former lawyer's paralegal at the inception of this case in 2015, he told the her that he had two minor children and that his understanding was that all claims would be asserted on behalf of the two children. Plaintiffs therefore ask the Court to add the siblings to the case caption as individual parties. They argue that the Court may construe their request in one of three ways: a motion for joinder under Fed. R. Civ. P. 20(a)(1); a motion to correct clerical errors under Fed. R. Civ. P. 60(a); or as a motion for the Court to use its "inherent power" to correct clerical errors. Pls.' Mot. at 4.

Attorney James K. Gilman filed the motion on behalf of Plaintiffs. Before the deadline to reply occurred, Mr. Gilman withdrew his appearance of representation for Plaintiffs. Plaintiffs, proceeding *pro se*, filed no reply.

Defendants oppose the motion. They argue that the proposed amendments are untimely, futile, and that their inclusion would be prejudicial to Defendants. The Court will present additional facts and argument as needed in the sections that follow.

## II.     STANDARD OF REVIEW

Fed. R. Civ. P. 15(a)(2) provides for liberal amendment of pleadings, instructing courts to "freely give leave" to amend "when justice so requires." "The grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Minter vs. Prime Equipment Co.*, 451 F.3d. 1196, 1204 (10th Cir. 2006). Subsection 15(a)(2) provides that after a party has amended a pleading once as a matter of course or the time for amendments of that type has expired, a party may amend only by obtaining leave of court or if the adverse party consents. Leave should be "freely give[n] … when justice so requires," but leave need not be granted on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

"It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365. (10th Cir. 1993) (citations omitted). This is especially true "when the party filing the motion has no adequate explanation for the delay." *Id.* "The longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'" *Gerald v. Locksley*, 849 F. Supp. 2d 1190, 1209 (D.N.M. 2011) (quoting *Minter,* 451 F.3d at 1205) (other citation omitted). "Furthermore, [w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Frank*, 3 F.3d at 1366 (alteration in original) (quotation marks omitted).

"While Rule 15 governs amendments to pleadings generally, Rule 16 governs amendments to scheduling orders." *Bylin v. Billings,* 568 F.3d 1224, 1231 (10th Cir. 2009) (citing Fed. R. Civ.

P. 16(b)). "When a court has not entered a scheduling order in a particular case, rule 15 governs amendments to a plaintiff's complaint. *Gerald*, 849 F. Supp. 2d at 1208 (citing Fed. R. Civ. P. 15)). "When a scheduling order governs the pace of the case, however, amending the complaint after the deadline for such amendments implicitly requires an amendment to the scheduling order, and rule 16(b)(4) governs changes to the scheduling order." *Id*. (citing *Bylin*, 568 F.3d at 1231).

"The Tenth Circuit has interpreted rule 16 as imposing a 'good cause' standard to untimely motions to amend when a scheduling order governs the case." *Gerald*, 849 F. Supp. 2d at 1210. (citing *Minter*, 451 F.3d at 1205 n. 4.).[4] "This requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter*, 451 F.3d at 1205 n. 4. The Tenth Circuit has "noted the 'rough similarity' between the 'undue delay' standard of Rule 15 and the 'good cause' standard of Rule 16." *Bylin*, 568 F.3d at 1231 (citing *Minter*, 451 F.3d at 1205 n. 4.).

## III.   DISCUSSION

### A. Adding a Party

The Court concludes that adding a new party at this late stage in the litigation would be unduly prejudicial to Defendants. Despite Plaintiffs' argument that "S.S" was merely a "placeholder" for two distinct persons, all three previous iterations of the complaint referred to S.S. as one person – namely, Boback's daughter. *See, e.g.*, ECF No. 1 ¶ 5, at 2 (stating that "Plaintiff S.S. is the daughter of Boback Sabeerin and is an individual …."); ECF No. 40 ¶ 6, at 2 (same); ECF No. 69 ¶ 6, at 2 (same). Moreover, in initial disclosures Plaintiffs referred to S.S.

---

[4] This standard applies because the Court has entered scheduling orders in this case. Plaintiffs' deadline to add parties was in November 2016. The most recent scheduling order entered in January 2020 provided no extension or amendment of that deadline.

using female pronouns. Plaintiffs' own representations therefore show that S.S. was meant to refer to Boback's daughter – not that it was a placeholder for daughter and son.

As noted earlier, leave should not be granted when the record shows a party's "failure to cure deficiencies by amendments previously allowed." *Duncan*, 397 F.3d at 1315. Plaintiffs had numerous opportunities to disclose and name Boback's son as a party, including the two times Plaintiffs were given leave to amend their complaints. Moreover, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Frank*, 3 F.3d at 1366. Boback states in his declaration that he believed the claims would be asserted on behalf of both children. Yet over four-years, Plaintiffs made no attempt to correct the record of pleadings and discovery in which Plaintiffs themselves expressly referred to S.S. as Boback's daughter. Finally, in the Tenth Circuit, "untimeliness alone is a sufficient reason to deny leave to amend." *Id.* at 1365. This is especially true where, as here, "the party filing the motion has no adequate explanation for the delay." *Id*. This litigation is four years old. During the periods to amend their complaints, along with their numerous pretrial conferences with the Court, Plaintiffs never identified Boback's son as a party. Their request to add a party is untimely and therefore denied.

The Court does not adjudicate or decide whether Plaintiffs' motion to add Shayan should be construed as one for joinder under Fed. R. Civ. P. 20(a)(1), or to correct clerical errors under Fed. R. Civ. P. 60(a), or for the Court to use its inherent power to correct clerical errors. Plaintiffs devoted one sentence to this argument. However, merely invoking legal rules is not a substitute for legal analysis. Inadequately briefed issues like this are forfeited because the Court is unable to meaningfully analyze a request unsupported by legal arguments. *See Bronson v. Swensen*, 500

F.3d 1099, 1105 (10th Cir. 2007) ("cursory statements, without supporting analysis and case law, fail to constitute the kind of briefing that is necessary to avoid application of the forfeiture doctrine.") (citing *Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived....")).

### B. Adding or Altering Substantive Claims for Relief

According to Plaintiffs, their proposed amended complaint includes "a specific count for conspiracy pursuant to 42 U.S.C. § 1985 that relates to the claims of conspiracy in the former complaints including paragraphs 31, 33, of the original complaint and 15 and 18 of the second amended complaint where these paragraphs mention comments by the Defendants that are suggestive of bias based upon ethnicity and national origin." Pls.' Mot. at 2.

However, as Defendants correctly point out, Plaintiffs' proposed amendments assert much more than just a conspiracy claim. Defendants bring to the Court's attention the following claims for relief in the proposed amended complaint that Defendants contend are new: Count III, which packages together (1) state-law claims against Detectives Fassler and Dear for malicious prosecution and abuse of process pursuant to the New Mexico Tort Claims Act; (2) a claim for relief for subjecting Boback to an unreasonable search and seizure (the count does not identify if the claim is brought under the federal or state constitution); and (3) a claim against the City of Albuquerque for its failure to properly train and supervise law enforcement officers located at Count IV of the proposed amended complaint.

The Court does not agree with Defendants that all this material is new. Count I of the Second Amended Complaint, which is the operative complaint, sought § 1983 relief against Defendants for a violation of the Fourth Amendment right to be free from unreasonable searches and seizures. Count VI of the Second Amended Complaint asserted an abuse of process claim

against Detectives Dear and Fassler. And Count II of the Second Amended Complaint asserted a cause of action for conspiracy, albeit on perhaps a different theory of liability. Nonetheless, leave is not granted to Plaintiffs because they have had two previous opportunities to cure deficiencies, their request is made four years into the litigation, and they knew or should have known of the facts giving rise to their new claims or new allegations in support of existing claims. This is especially true concerning their request to add Count IV against the City of Albuquerque on a "failure to train" theory of liability. Their central allegation there is that the City "had a duty to … train and supervise its police officers in order to deter and prevent discrimination against citizens because of their race or national origin and to … prevent officers from making false statements and affidavits or provide false testimony that might cause a person to be unjustly accused of criminal acts and suffer unjust and false convictions and imprisonment." ECF No. 134 ¶ 72, at 19. However, each of the three prior iterations of the Plaintiffs' complaints set forth facts concerning Detective Fassler's and Dear's alleged animus towards foreigners, suggesting that Plaintiffs knew or should have known to assert a failure to train theory long ago. Allowing the amendments now would be prejudicial to Defendants by making the complaint "a moving target." *Gerald*, 849 F. Supp. 2d at 1209 (internal quotation marks omitted). Plaintiffs' request is therefore denied.

### C. Miscellaneous Amendments

As noted earlier, Plaintiffs wish to correct certain non-substantive clerical matters, such as accurately spelling Detective Dear's name, omitting facts and references to dismissed parties, and to reorganize their complaint to make it more coherent. The Court denies this request. The Court's docket keeps track of dismissed parties and it is not standard practice to remove a dismissed party from the case caption and documents. Going forward, the Court and the parties will accurately spell Detective Dear's name.

## IV.    CONCLUSION

Plaintiffs' motion to amend their complaint is denied in its entirety. The record does not indicate that S.S. was a placeholder for two persons. Plaintiffs' additional proposed amendments are untimely and based on facts that Plaintiffs knew or should have known. The Second Amended Complaint (ECF No. 69) remains the operative complaint.

**IT IS THEREFORE ORDERED that** Plaintiffs' Motion to Amend Complaint (Third Amended Complaint) and Correct Caption **(ECF No. 134)** is **DENIED**.

**IT IS SO ORDERED**.


_____
SENIOR UNITED STATES DISTRICT JUDGE