# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

BOBACK SABEERIN, MICHELLE
ROYBAL, J.R. and S.S.

       Plaintiffs,

v.                                                                          No. 1:16-cv-00497 JCH-LF

ALBUQUERQUE POLICE DEPARTMENT
DETECTIVE TIMOTHY FASSLER, in his individual capacity,
ALBUQUERQUE POLICE DEPARTMENT
DETECTIVE JOHN DEAR, in his individual capacity,
CITY OF ALBUQUERQUE,
STATE OF NEW MEXICO,
SECRETARY GREGG MARCANTEL, in his official and
individual capacity,
NEW MEXICO CORRECTIONS DEPARTMENT,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Boback Sabeerin was convicted in state-court of automobile theft and similar charges after police officers allegedly found stolen vehicles on his property while executing a search warrant. An appeals court later ruled that the affidavit used to obtain the search warrant was invalid for lack of probable cause. Sabeerin and his family, proceeding *pro se*, bring state-law tort and constitutional claims and federal constitutional claims under 42 U.S.C. § 1983 against Timothy Fassler, the officer who wrote the search warrant affidavit, and other Defendants.[1]

---

[1] Although the Court construes Plaintiffs' *pro se* filings liberally, the Court does not act as their lawyer or excuse them from "follow[ing] the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

After considering Defendants' motion for summary judgment (ECF No. 158), the Court holds that Defendants are entitled to qualified immunity and dismisses with prejudice Plaintiffs' federal claims. The Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claims and instead dismisses them without prejudice. Finally, Plaintiffs' objections to the magistrate judge's order staying discovery (ECF Nos. 184, 185, 186) are overruled and their request for discovery under Federal Rule of Civil Procedure 56(d) is denied.

1.      **Background**

        **a. Factual Background**

At the summary judgment stage a court must "view facts in the light most favorable to the non-moving party and draw all reasonable inferences in [his] favor." *Leone v. Owsley*, 810 F.3d 1149, 1153 (10th Cir. 2015). In 2009, Detective Fassler was investigating a man named Anjum Tahir for driving a vehicle with a stolen Vehicle Identification Number (VIN). Test. of Timothy Michael Fassler, 11:19-12:1-19, ECF No. 158-1 (Fassler Test.). Fassler learned that Tahir had a shop on 108 Rhode Island in Albuquerque. *Id*. at 13:5-7. On August 19th, Fassler obtained a warrant to search Tahir's property and allegedly found more stolen vehicles on Tahir's property. *Id*. at 18:3-13. Fassler also learned that Tahir was "doing business with" Sabeerin and that Sabeerin's address was 112 General Arnold. *Id*. at 18:14-17. Fassler sent other officers to watch the General Arnold location to see if Tahir would "show up." *Id.* at 18:17-19. Tahir did show up and officers arrested him. *Id*. at 18:19-20.

Fassler went to the General Arnold location, which was a "body shop" Sabeerin owned. Second Am. Compl. ¶ 17, ECF No. 69. Although the circumstances are not clear from the record, Fassler was apparently familiar with Sabeerin. When Fassler arrived at the shop he brought up Sabeerin's prior criminal charges and told him that "the two officers that worked on your case 20

years ago they work for me now we are going to make sure you don't get out this time." Affidavit of Boback Sabeerin, 3, ECF No. 172 (Sabeerin Aff.). Detective John Dear told Sabeerin's domestic partner, Michelle Roybal, that officers had been "looking for Sabeerin for twenty years" and that when they "found out Sabeerin was part of the investigation [the officers] came out of retirement" to ensure that Sabeerin did "not get out this time." *Id*. at 4.

According to Fassler, he asked Sabeerin "if Tahir had any vehicles on his property that would tie into all this altering stuff" and Sabeerin answered affirmatively that Tahir had several vehicles on the General Arnold property. Fassler Test. at 18:21-25. However, according to Sabeerin's affidavit, which the Court must credit as true, Sabeerin "never made any statement or admit [sic] to having or being involved in Tahirs [sic] criminal activity." Sabeerin Aff. at 4 (capitalization omitted).

Later that day, August 19th, officers applied for a search warrant for Sabeerin's General Arnold property. Most of the affidavit that Fassler wrote in support of the warrant focused on officers' investigation of Tahir and Tahir's VIN-switching activities. The only references Fassler made to Sabeerin's property was that Fassler observed on the property "numerous vehicles visible through the fence that have been, or are being dismantled," and that Fassler "learned that … Tahir also did business at 112 General Arnold NE. [Fassler] sent a unit to watch that address and [Tahir] was taken into custody walking around the business. Several suspicious vehicles can also be seen on that lot." Affidavit for Search Warrant, ECF No. 158-2, 1, 2 (Search Warrant Aff.).

At 4:40 pm on August 19th a state-judge approved the warrant. Search Warrant, ECF No. 158-2 at 4. According to Fassler, officers discovered stolen vehicles on the 112 General Arnold property, although Sabeerin contends that the vehicles were not stolen.

On October 1, 2009, Sabeerin was indicted for receiving or transferring a stolen motor vehicle and similar charges. Defendants' Undisputed Material Fact, ¶ 14, ECF No. 158 (Defs.' UF). He moved to suppress evidence on the ground that Fassler's search warrant affidavit did not provide sufficient probable cause, which the court denied. On December 7, 2010 Defendant was tried and convicted and sentenced to 24 years of imprisonment. Defs.' UF ¶ 14.

He appealed the trial court's denial of his motions to suppress evidence. In 2014, the New Mexico Court of Appeals, over the dissent of one judge, held that Fassler's affidavit in support of a search warrant for Sabeerin's place of business at the General Arnold property failed to establish probable cause. *State v. Sabeerin*, 2014-NMCA-110, ¶ 2, 336 P.3d 990, 992 (2-1 decision). The court held that probable cause was lacking because: (1) Fassler's affidavit was "copied directly" from the search warrant affidavit used for Tahir's Rhode Island property, *id.* at ¶ 16, (2) Fassler's statement that "[he] learned that … Tahir also did business at 112 General Arnold" failed to establish "the source and substance of such information[,]" and "whether the information was obtained through a" reliable tipster, *id.* at ¶ 18, (3) Fassler noted "suspicious vehicles" on Sabeerin's property without explaining why they were suspicious or ruling out innocent activity, *id.* at ¶¶ 20-25, and (4) the affidavit did not particularize the items to be seized. *Id.* at ¶ 26.

The dissenting judge believed that Fassler's search warrant affidavit established probable cause because it "included details regarding Detective Fassler's investigation into Tahir's VIN-switching operation at the Rhode Island property," and "surveillance of the General Arnold property revealed an apparently similar operation." *Id.* at ¶ 36. The dissent believed that Fassler's investigation of the Rhode Island property combined with his independent observations of

Sabeerin's General Arnold property sufficiently established the unknown tipster's reliability and therefore the dissent would have affirmed the trial court. *Id*. at ¶ 34.

Without evidence for another prosecution, Sabeerin was released from prison in 2015. Second Am. Compl. at ¶ 32.

### b. Procedural Background

The only remaining Plaintiffs are Sabeerin and his child "S.S." Former Plaintiffs Michell Roybal and "J.R." voluntarily dismissed all claims. *See* ECF Nos. 122, 124, 126. Former Defendants the State of New Mexico, the New Mexico Corrections Department, and Secretary of Corrections Gregg Marcantel have either been dismissed as parties or had the claims against them voluntarily withdrawn. *See* ECF No. 83. The only remaining claims are asserted against the City of Albuquerque and APD Detectives Fassler and Dear in their individual capacities.

## 2. Plaintiffs' Objections to the Magistrate Judge's Stay-Order

Defendants moved for a stay of discovery based on their defense of qualified immunity, which the Court granted on November 13, 2020. ECF No. 177. Plaintiffs filed objections, amended objections, and second amended objections to the magistrate judge's stay-order on November 30, December 7, and December 8, respectively.

Pretrial matters involving discovery, such as a stay-order, are generally considered non-dispositive since they do not resolve the substantive claims for relief alleged in the pleadings. *See Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). Under Federal Rule of Civil Procedure 72(a) a party may serve and file objections to a magistrate judge's order on a non-dispositive motion within 14 days after being served with a copy of the order. Fed. R. Civ. P. 72(a). If a party timely objects to the magistrate judge's non-dispositive rulings on pretrial matters, the district judge must modify or set aside any part of the disputed order that is "clearly erroneous or

contrary to law." Fed. R. Civ. P. 72(a). "[I]t is extremely difficult to justify alteration of the magistrate judge's non-dispositive actions by the district judge." *Quarrie v. Wells*, No. CV 17-350 MV/GBW, 2020 WL 7385730, at *2 (D.N.M. Dec. 16, 2020) (citation and quotation marks omitted).

Plaintiffs state that the magistrate judge did not "pay attention to the schedule considering that it had been agreed to, did not pay attention to the fact that we have a pro se plaintiff and did not give any attention at all to the discovery that would be required to show how much time it would take and how expensive it would be." ECF No. 186 at 13-14. However, the magistrate judge properly focused on the fact that in § 1983 litigation "a qualified immunity defense 'protects the official both from liability as well as from the ordinary burdens of litigation, including far-ranging discovery.'" ECF No. 177 at 2 (quoting *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992)). It is well established that discovery does not normally begin until the question of whether the defendant's conduct violated clearly established law is resolved. *See Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). The magistrate judge correctly applied these principles. Plaintiffs' objections are overruled.

The remainder of Plaintiffs' arguments, although styled as Rule 73(a) "objections," are functionally an unauthorized sur-reply because Plaintiffs made rebuttal arguments to Defendants' summary judgment arguments. Leave of court is required to file a sur-reply. D.N.M.LR-Civ. 7.4(b). "Courts generally do not grant a party leave to file a sur-reply unless the opposing party's reply brief includes new information that the responding party needs an opportunity to address." *Casias v. Distribution Mgmt. Corp., Inc.*, No. CV 11-00874 MV/RHS, 2014 WL 12710236, at *2 (D.N.M. Mar. 31, 2014). Plaintiffs did not seek permission to file a sur-reply and Defendants' summary judgment reply brief contains no new information that would necessitate the filing of a

sur-reply. The portions of Plaintiffs' second amended objections that are not Rule 73 focused are

an unauthorized sur-reply that will not be considered in ruling on the summary judgment motion.

**3.      Plaintiffs' Rule 56(d) Request**

Federal Rule of Civil Procedure 56(d) allows a court to deny or defer considering a

motion for summary judgment where the "nonmovant shows by affidavit or declaration that, for

specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).

Here, Plaintiffs seek discovery of "police and city policy guidelines specification to how and

when search warrants and arrest warrants should be issued," the "identity and story" of the

informant mentioned in Fassler's affidavit and other similar material. ECF No. 168 at 1, 7.

However, Plaintiffs do not require this discovery to answer the purely legal question of whether

officers had arguable probable cause, *see infra*, to search the General Arnold property. Plaintiffs'

Rule 56(d) request is denied.

**4.      Analysis of Plaintiffs' Federal Claims**

Defendants moved for summary judgment.[2] "The court shall grant summary judgment if

the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "When a defendant asserts qualified

immunity at summary judgment, the burden shifts to the plaintiff, who must clear two hurdles in

order to defeat the defendant's motion." *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir.

2009). That burden requires a plaintiff to show that the state official "(1) [] violated a federal

statutory or constitutional right, and (2) the unlawfulness of [the official's] conduct was clearly

---

[2] Defendants correctly note that only Boback Sabeerin responded to the summary judgment motion and that S.S. filed no responsive pleading.  Construing Plaintiffs' *pro se* filings liberally, the Court assumes that S.S. joined the summary judgment opposition given Sabeerin's explanation in another pleading that S.S. wanted to "join in the Sabeerin response." ECF No. 186 at 3.

established at the time." *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (internal quotation marks and citation omitted).

### a. Count I: Violation of U.S. Const. amend. IV and XIV

### 1. Detective Fassler

"Officers must have probable cause to initiate a search … under the Fourth Amendment." *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014). "[P]robable cause to search … exist[s] where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States*, 517 U.S. 690, 696 (1996). "A neutral magistrate judge's issuance of a warrant is the clearest indication that the officers acted in an objectively reasonable manner" unless "the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Stonecipher*, 759 F.3d at 1141, 1142 (citation and quotation marks omitted). If "it is obvious that no reasonably competent officer would have concluded that a warrant should issue," the warrant offers no protection. *Id.* at 1142 (citation and quotation marks omitted).[3]

"The burden is on the plaintiff to make a substantial showing of deliberate falsehood or reckless disregard for truth by the officer seeking the warrant." *Id.* (internal quotation marks omitted). Proof of "reckless disregard in the presentation of information to a ... judge [requires] evidence that the officer in fact entertained serious doubts as to the truth of [her] allegations." *Id.*

---

[3] Plaintiffs state that the New Mexico Court of Appeals decision is "binding" and they raise the issue of collateral estoppel, ECF No. 169 at 8, 39-41, which "bars a party from relitigating an issue once it has suffered an adverse determination on the issue[.]" *Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009). However, the Court lacks from Plaintiffs sufficient argument to meaningfully analyze whether the four elements of collateral estoppel are met. *See id.* (listing elements). The Court therefore concludes that Plaintiffs have not established that collateral estoppel is met.

(internal quotation marks omitted). "The failure to investigate a matter fully, to exhaust every possible lead, interview all potential witnesses, and accumulate overwhelming corroborative evidence rarely suggests a knowing or reckless disregard for the truth. To the contrary, it is generally considered to betoken negligence at most." *Id.* (brackets and internal quotation marks omitted).

Plaintiffs fail to make a substantial showing that Fassler's affidavit contained deliberate falsehoods or recklessly disregarded the truth. To the contrary, the affidavit provided truthful details about Fassler's investigation into Tahir's alleged VIN-switching operation. He described how his investigation led him to believe that Tahir purchased totaled vehicles from insurance auctions; that a tipster reported that Tahir did business at the Rhode Island location; and that his surveillance of the Rhode Island property led him to believe that VIN-switching activities were afoot. He learned that Tahir did business at Sabeerin's General Arnold property, sent a unit there, and personally saw what he believed to be several suspicious vehicles at General Arnold.

Plaintiffs retort that the vehicles on Sabeerin's property were not, in fact, VIN-switched; that Sabeerin made no incriminating statements at the time of the search; that his relationship with Tahir was that of a lawful buyer-seller; that no dismantled vehicles were visible on the General Arnold property; that Fassler relied on a potentially unreliable tipster, etc. However, many of Plaintiffs' contentions are an evaluation of the evidence in hindsight, and not as it would appear when Fassler applied for the search warrant. Because Plaintiffs' evidence and contentions fail to establish that Fassler entertained doubts about the veracity of his statements when he applied for the search warrant, Plaintiffs have failed to demonstrate a Fourth Amendment violation.

Plaintiffs have also not met their burden with respect to the "clearly established" part of their case. A right is clearly established "if courts have previously ruled that materially similar conduct was unconstitutional, or if a general constitutional rule already identified in the decisional law applies with obvious clarity to the specific conduct at issue." *Est. of Reat v. Rodriguez*, 824 F.3d 960, 964-65 (10th Cir. 2016) (quotation, emphases, and alteration omitted). "[A] plaintiff may satisfy this standard by identifying an on point Supreme Court or published Tenth Circuit decision; alternatively, the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Cox v. Glanz*, 800 F.3d 1231, 1247 (10th Cir. 2015) (quotation omitted).

"In the context of a qualified immunity defense on an unlawful search … we ascertain whether a defendant violated clearly established law by asking whether there was 'arguable probable cause' for the challenged conduct." *Stonecipher*, 759 F.3d at 1141 (citation and quotation marks omitted). "Arguable probable cause is another way of saying that the officers' conclusions rest on an objectively reasonable, even if mistaken, belief that probable cause exists." *Id*. In "the § 1983 qualified-immunity context … so long as the officer's mistake is reasonable" he or she is entitled to qualified immunity. *A.M. v. Holmes*, 830 F.3d 1123, 1139 (10th Cir. 2016).

Here, given that several judges (the warrant judge, the two trial judges who denied Sabeerin's suppression motions, and the dissenting appellate judge) believed that Fassler's affidavit established probable cause, it is not obvious that the warrant affidavit lacked a sufficient basis. As the dissenting judge in Sabeerin's appeal explained, Fassler's affidavit could have sufficiently connected Tahir to criminal activity, and connected Tahir to Sabeerin such that probable cause existed "the moment [Fassler] saw Tahir at the General Arnold property with the

same sort of suspicious vehicles in sight that he discovered in his investigation of Tahir's activities at the Rhode Island property." *Sabeerin*, 2014-NMCA-110 at ¶ 34. The fact that several judges who carefully read Fassler's affidavit believed that probable cause existed is strong evidence that Fassler could have reasonably, even if mistakenly, believed that probable cause existed to search Sabeerin's property. In such circumstances, a government official can claim qualified immunity even if the official was mistaken about the facts or the law. *See Pearson v. Callahan,* 555 U.S. 223, 231 (2009).

The federal appellate cases that Plaintiffs cite did not involve the issue of arguable probable cause, so they would not have apprised Fassler that his conduct was unlawful. *See Pearson,* 555 U.S. at 223; *Groh v. Ramirez*, 540 U.S. 551 (2004); *Saucier v. Katz*, 533 US 194 (2001); *Kentucky v. Graham*, 473 U.S. 159, (1985); *Thomas v. Kaven*, 765 F.3d 1183 (10th Cir. 2014); *Gomes v. Wood*, 451 F.3d 1122 (10th Cir. 2006). None of these cases constitute previous rulings in which "materially similar conduct" was held unconstitutional, *Rodriguez*, 824 F.3d at 965, and therefore these cases would not have placed the constitutional question "beyond debate." *City & Cty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 135 S. Ct. 1765, 1774 (2015) (internal citations, alterations and quotation marks omitted). Nor is it sufficient for Plaintiffs to meet their burden by relying so heavily on the New Mexico Court of Appeals' ruling that Fassler's affidavit was invalid for lack of probable cause. "Arguable probable cause, not the higher standard of actual probable cause, governs the qualified immunity inquiry." *A.M.*, 830 F.3d at 1140. The question is not whether Fassler had probable cause or not; the question is whether his "conclusions rest[ed] on an objectively reasonable, even if mistaken, belief that probable cause exist[ed]." *Stonecipher*, 759 F.3d at 1141.

Rather than citing on-point caselaw, Plaintiffs devoted the bulk of their summary judgment opposition brief and voluminous filings – about 300 pages all told – to essentially relitigating the state-court prosecution. However, Sabeerin's professed innocence to the underlying criminal charges is not the focus of the § 1983 inquiry. "Pages and pages of facts are no substitute for citations to clearly established law. Nor can they meet [a plaintiff's] burden on qualified immunity." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 532, 534 (10th Cir. 1998). Accordingly, Plaintiffs have not carried their burden to demonstrate that Fassler violated clearly established law. *See Cox*, 800 F.3d at 1247 ("Significantly, Ms. Cox has not directed our attention to any Supreme Court or Tenth Circuit decision (published or otherwise) that would indicate that this right was clearly established …. *On this basis alone*, we could hold that Ms. Cox has not properly laid the groundwork to defeat Sheriff Glanz's assertion of qualified immunity.") (emphasis added) (footnote, quotation marks, and citation omitted). Detective Fassler is entitled to judgment as a matter of law on Plaintiffs' federal constitutional claim under the Fourth Amendment.

Plaintiffs' second amended complaint also seemingly invokes the Due Process Clause of the Fourteenth Amendment, which prohibits a State from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Plaintiffs appears to rely on the Clause's "substantive due process" component, which prevents the government from engaging in action that "shocks the conscience" or "interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987). Plaintiffs' cited caselaw does not clearly establish how Fassler's conduct shocks the conscious sufficiently to violate the Fourteenth Amendment. Fassler is entitled to judgment as a matter of law on Plaintiffs' Fourteenth Amendment claim.

### 2. Detective Dear

For substantially the same reasons discussed above, the Court holds that Plaintiffs failed to show that Detective Dear violated their clearly established rights. Detective Dear is entitled to summary judgment on Plaintiffs' federal Fourth and Fourteenth Amendment claims.

### 3.  The City

"A § 1983 suit against a municipality for the actions of its police officers requires proof that (1) an officer committed a constitutional violation and (2) a municipal policy or custom was the moving force behind the constitutional deprivation that occurred." *Estate of Larsen ex rel. Sturdivan v. Murr*, 511 F.3d 1255, 1264 (10th Cir. 2008) (citation omitted). To establish municipal liability under § 1983, Plaintiff must prove a constitutional violation by the individual officer. *See id*. ("without the predicate constitutional harm inflicted by an officer, no municipal liability exists.") (citing *City of Los Angeles v. Heller,* 475 U.S. 796 (1986)). "A challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013).

Here, because Plaintiffs have not established a predicate constitutional violation by an individual officer, the City is entitled to judgment as a matter of law on Plaintiffs' allegations against the City.

### b.  Count II: Conspiracy to Violate U.S. Const. amend. IV and XIV

"[A] conspiracy to deprive a plaintiff of a constitutional or federally protected right under color of state law" pursuant to § 1983 is actionable. *Snell v. Tunnell,* 920 F.2d 673, 701 (10th Cir. 1990). To prevail on such a claim, the plaintiff "must plead and prove not only a conspiracy,

but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient." *Id.* "A conspiracy requires the combination of two or more persons acting in concert." *Salehpoor v. Shahinpoor,* 358 F.3d 782, 789 (10th Cir. 2004). "In order to plead a conspiracy claim, a plaintiff must allege, either by direct or circumstantial evidence, a meeting of the minds or agreement among the defendants." *Id.* The plaintiff must show that there was "a single plan, the essential nature and general scope of which [was] know *[sic]* to each person who is to be held responsible for its consequences." *Snell,* 920 F.2d at 702.

Plaintiffs have not shown that Fassler, Dear or the City deprived him of a constitutional right. Count II is dismissed.

### c. Count VI: Abuse of Process

Plaintiffs bring a claim for what they call "abuse of process." They do not state whether this count is brought under federal or state law. In their summary judgment motion, Defendants provided a federal standard for a "malicious prosecution" claim, which requires a showing that: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes,* 528 F.3d 790, 799 (10th Cir. 2008). Plaintiffs did not offer a different standard for analyzing their "abuse of process" claim, so the Court will assume that they assert a "malicious prosecution" claim governed by the elements described in *Wilkins*.

Plaintiffs' evidence fails to establish elements 3 and 4. Concerning the third element, even though this element uses the language of "probable cause," the Tenth Circuit has suggested that either a probable cause or an arguable probable cause standard will suffice. *See Bailey v. Twomey*, 791 F. App'x 724, 734 (10th Cir. 2019). The Court has already explained how Fassler

had arguable probable cause to search Sabeerin's property. The fourth element, malice, "may be inferred if a defendant causes the prosecution *without* arguable probable cause." *Stonecipher*, 759 F.3d at 1146. But Plaintiffs' evidence does not generate such an inference because Fassler had arguable probable cause. Nor have Plaintiffs presented caselaw placing the alleged unlawfulness of the malicious prosecution "beyond debate," *Sheehan*, 135 S. Ct. at 1774, or controlling authority that "squarely govern[s]" the case. *Aldaba v. Pickens*, 844 F.3d 870, 877 (10th Cir. 2016) (citation omitted). Plaintiffs therefore have not met the second qualified immunity prong with respect to the malicious prosecution claim against Fassler, Dear and the City.

**5.     The Court Declines Supplemental Jurisdiction over Plaintiffs' State-Law Claims**

Plaintiffs also brought state-law tort and constitutional claims against Defendants. Under 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction." "If federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.") The Court has granted summary judgment on and dismissed the federal claims. Because the remaining claims for relief are predicated entirely on state law, dismissal of the state-law claims without prejudice is proper. Plaintiffs will not be prejudiced by the dismissal of their state-law claims because 28 U.S.C. 1367(d) tolls the statute

of limitations on those claims during the pendency of the federal proceeding plus 30 days beyond the dismissal.

**IT IS THEREFORE ORDERED that** Defendants Albuquerque Police Department Detective Timothy Fassler and City of Albuquerque's Motion for Summary Judgment Based on Qualified Immunity, *Inter Alia* **(ECF No. 158)**, joined by Defendant John Dear **(ECF No. 160)** is **GRANTED**;

Plaintiffs' objections to the magistrate judge's order staying discovery (ECF Nos. 184, 185, 186) are **OVERRULED** and that Plaintiffs' request for discovery under Federal Rule of Civil Procedure 56(d) is **DENIED**;

Counts I, II, and VI of Plaintiffs' Second Amended Complaint against Defendants the City of Albuquerque, Timothy Fassler, in his individual capacity and John Dear, in his individual capacity are **DISMISSED with prejudice**. Counts III, IV, and V of Plaintiffs' Second Amended Complaint are **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

HONORABLE JUDITH C. HERRERA
Senior United States District Judge